IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00406-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LAWRENCE ROLLAND THIEL,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Change of Plea)

_____

    Proceedings before the HONORABLE WILLIAM J. MARTÍNEZ, Judge, United States District Court for the District of Colorado, commencing at 11:03 a.m., on the 11th day of February, 2013, in Courtroom A801, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    Kurt J. Bohn, Attorney at Law, U.S. Attorney's Office-Denver, 1225 17th Street East, Suite 700, Denver, CO 80202, appearing for the plaintiff.

    Matthew Kyle Belcher, Attorney at Law, Office of the Federal Public Defender, 633 Seventeenth Street, #1000, Denver, CO 80202, appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Gwen Daniel, 901 19th Street, Room A259, Denver, Colorado, 80294, 303.571.4084

**PROCEEDINGS**

    (In open court at 11:03 a.m.)

        THE COURT: We are on the record in 12-cr-406, United States of America vs. Lawrence Rolland Thiel.

        I'll take appearances of counsel.

        MR. BOHN: Good morning, your Honor. Kurt Bohn, U.S. Attorney's Office on behalf of the United States.

        MR. BELCHER: Good morning, your Honor. Matthew Belcher on behalf of Mr. Thiel, who is in custody and seated to my left at counsel table.

        THE COURT: All right. Good morning to both of you.

        Mr. Belcher, will you and your client please approach the lectern.

        MR. BELCHER: Yes, your Honor.

        THE COURT: Ms. Hansen, will you please administer the oath to the defendant.

    (Defendant sworn.)

        THE COURT: The record will reflect that Mr. Thiel was charged by Indictment dated the 1st of October 2012 and was arraigned on the 10th of October 2012, at which time he entered a plea of not guilty to Counts One and Two of the Indictment.

        On 8 November 2012 the defendant filed with this Court a notice of disposition and requested that this matter be set for a change of plea hearing.

        According to the Plea Agreement reached between the

1   parties, the defendant wishes to -- do you have trouble hearing
2   me, sir?
3            THE DEFENDANT:  Just a little bit.
4            THE COURT:  All right.  Let me pull the mike closer,
5   and I'll talk louder.
6            According to the Plea Agreement reached between the
7   parties, the defendant wishes to enter a guilty plea to
8   Count Two of the Indictment charging a violation of 18, United
9   States Code, Section 922(g)(1).
10           I have before me the Plea Agreement, which is Exhibit
11  No. 1, has been dated and signed by the defendant, the
12  defendant's attorney, as well as the assistant United States
13  attorney.  Also before me is Court Exhibit 2, which is a
14  Statement by Defendant in Advance of Plea of Guilty.  This
15  document has been dated and signed by the defendant, as well as
16  his attorney.
17           Mr. Thiel, do you understand that you are under oath,
18  and that if you answer any of my questions falsely, your
19  answers may later be used against you in a separate prosecution
20  for perjury.
21           THE DEFENDANT:  Yes, your Honor, I do.
22           THE COURT:  Do you understand you have the right to
23  remain silent and not answer any of my questions?
24           THE DEFENDANT:  Yes, I do.
25           THE COURT:  Do you give up your right to remain silent

```
 1  in order to answer the questions I need to ask you at this
 2  hearing?
 3          THE DEFENDANT:  Yes, I do, your Honor.
 4          THE COURT:  What is your true and correct full name?
 5          THE DEFENDANT:  Lawrence Rolland Thiel.
 6          THE COURT:  How old are you?
 7          THE DEFENDANT:  Fifty.
 8          THE COURT:  What level of school did you complete?
 9          THE DEFENDANT:  I completed a GED.
10          THE COURT:  A GED?
11          THE DEFENDANT:  Uh-huh.
12          THE COURT:  All right.  I take it you can read and
13  write in the English language?
14          THE DEFENDANT:  Yes, your Honor, I can.
15          THE COURT:  Are you now under the influence of any
16  medication, drug or alcohol?
17          THE DEFENDANT:  I am on some psych medication.
18          THE COURT:  What are you on?
19          THE DEFENDANT:  I am on Elavil, BuSpar and Doxepin.
20          THE COURT:  All at the same time?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  Currently?
23          THE DEFENDANT:  Yes, sir.
24          THE COURT:  Are you having any trouble understanding
25  what I am saying to you today?
```

1        THE DEFENDANT:  No, your Honor.

2        THE COURT:  You just have a little bit of a hearing
3   problem?

4        THE DEFENDANT:  Yeah, just a little bit.

5        THE COURT:  All right.  But apart from that do those
6   drugs impair your ability to understand what's occurring at
7   this hearing?

8        THE DEFENDANT:  No, not -- no, your Honor.

9        THE COURT:  All right.  Are you taking any other
10  medication or have you consumed any alcohol recently?

11       THE DEFENDANT:  No, your Honor.

12       THE COURT:  Are you being treated for any addiction to
13  narcotics?

14       THE DEFENDANT:  No, your Honor.

15       THE COURT:  All right.  Based on the statements of the
16  defendant and my observations, I find that the defendant is
17  competent to proceed.

18       Mr. Thiel, have you read and understand the charges in
19  the Indictment against you?

20       THE DEFENDANT:  Yes, I have, your Honor.

21       THE COURT:  Do you understand the charges brought in
22  the Indictment?

23       THE DEFENDANT:  Yes, I do, your Honor.

24       THE COURT:  All right.  Mr. Belcher, will you please
25  outline for the Court your understanding of the Plea Agreement.

1        MR. BELCHER:  Yes, your Honor.  In the Plea Agreement
2   Mr. Thiel is agreeing to plead guilty to Count Two of the
3   Indictment which charges him with a violation of 18 U.S.C.
4   922(g)(1), which is referred to as possession of a firearm by a
5   previously convicted felon.
6        In exchange the government is agreeing, upon his
7   acceptance of the guilty plea to Count Two, to dismiss
8   Count One of the Indictment.  The government is further
9   agreeing that a two-point reduction in the Offense Level for
10  acceptance of responsibility is appropriate.  And further
11  agrees that at the time of sentencing will move this Court for
12  an additional one point for acceptance of responsibility.
13       Additionally, the defendant is giving up certain of
14  his rights under Section 3742, Title 18, which outlines the
15  rights of an individual to appeal his sentence imposed.  And is
16  agreeing to give up any possessory right to the firearm seized
17  in the underlying investigation in this case, and is not
18  contesting the forfeiture and possible destruction.
19       THE COURT:  All right.  Mr. Bohn, do you have anything
20  to add to counsel's summary of the Plea Agreement?
21       MR. BOHN:  No, your Honor.  We agree to the summary.
22       THE COURT:  All right.  Mr. Thiel, have you read Court
23  Exhibits 1 and 2?
24       THE DEFENDANT:  Yes, your Honor, I have.
25       THE COURT:  Have you discussed these documents with

1   your attorney?

2   　　　　THE DEFENDANT:  Yes, I have, your Honor.

3   　　　　THE COURT:  Has your attorney answered your questions
4   regarding these documents?

5   　　　　THE DEFENDANT:  Yes, he has, your Honor.

6   　　　　THE COURT:  Can you please look at pages 5 through 8
7   of the Plea Agreement, which is Exhibit 1.  All right.  Now
8   these are the facts the government believes it could prove at
9   trial.  By entering into the Plea Agreement you are admitting
10  these facts, and I will treat them as true for purposes of
11  considering your plea and for purposes of sentencing.  So do
12  you agree the facts set forth a pages 5 through 8 of the Plea
13  Agreement are true?

14  　　　　THE DEFENDANT:  Yes, your Honor.

15  　　　　THE COURT:  Is there any inaccuracy in these facts you
16  would like to correct at this time?

17  　　　　MR. BELCHER:  Your Honor, there's no inaccuracy, but
18  Mr. Thiel, out of an abundance of caution, has asked me to
19  clarify I think a certain part of our stipulation.

20  　　　　THE COURT:  All right.

21  　　　　MR. BELCHER:  I know the Court has already indicated
22  that we've said we believe this is the evidence the government
23  would produce at trial.  I know the Court has reviewed this.
24  The initial investigation of this case was brought on by
25  complaints of certain parties that ended up being charged as

1   separate criminal offenses in state court in Colorado.  Those
2   charges have been dismissed.  And Mr. Thiel wants to make sure,
3   out of an abundance of caution, he's not admitting to having
4   committed the crimes that the individuals complained about, but
5   is admitting that that's what the government's evidence at
6   trial would be, and we agree that should be taken into account
7   in the Guideline calculation.
8             THE COURT:  All right.  So you are agreeing that I can
9   take all those facts into account at sentencing?
10            THE DEFENDANT:  Yes, your Honor.
11            THE COURT:  Mr. Bohn, what's your view on this?
12            MR. BOHN:  No, that's correct.  We understood all
13  along that Mr. Thiel was pleading guilty and accepting the
14  facts, that that would be the evidence that we would have
15  presented at trial, although he might have contested at trial,
16  but would be relevant for the Court's consideration at
17  sentencing.
18            THE COURT:  Okay.  Great.  I am comfortable proceeding
19  in that way.  Thank you for that clarification, Mr. Belcher.
20            MR. BELCHER:  Thank you.
21            THE COURT:  All of that is noted for the record.
22            So there are no inaccuracies in these facts,
23  Mr. Thiel?
24            THE DEFENDANT:  No, your Honor.
25            THE COURT:  All right.  For purposes of the factual

1   basis, counsel, can the Court rely on the facts set forth at
2   pages 5 through 8 of the Plea Agreement?
3            MR. BOHN:  On behalf of the United States.
4            MR. BELCHER:  Yes, your Honor.
5            THE COURT:  Thank you, counsel.
6            Mr. Thiel, I need you in your own words to tell me
7   what you did with respect to the count you are pleading guilty
8   to, which is Count Two.  I just need you to put it in your own
9   words and not in the legal language of the Plea Agreement.
10           THE DEFENDANT:  Okay.  Your Honor, I am pleading to
11  having possession of a firearm.
12           THE COURT:  All right.
13           THE DEFENDANT:  As an ex-felon.
14           THE COURT:  You have previously been convicted of a
15  felony?
16           THE DEFENDANT:  Yes, your Honor, I have.
17           THE COURT:  Okay.  And you stipulate or agree that
18  that firearm at one point moved into Colorado from another
19  state?
20           THE DEFENDANT:  Yes, your Honor.
21           THE COURT:  All right.  Is that your signature on
22  Exhibits 1 and 2?
23           THE DEFENDANT:  Yes, it is, your Honor.
24           THE COURT:  When you signed these exhibits did you do
25  so voluntarily?

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  All right.  Mr. Thiel, you have the

3    following constitutional rights I am advising you you will be

4    giving up if you plead guilty:

5           You have the right to plead not guilty to any offense

6    charged against you.  You have the right to maintain your plea

7    of not guilty.  You have the right to a speedy and public

8    trial.  You have the right to a trial by a jury of twelve

9    persons whose verdict must be unanimous.  At trial you would be

10   presumed innocent and the government would have to prove your

11   guilt beyond a reasonable doubt.

12          You have the right to the assistance of legal counsel

13   for your defense throughout these proceedings, even if you do

14   not enter a plea of guilty.  You have the right, with your

15   lawyer, to confront and cross-examine all witnesses at trial

16   and to challenge all evidence presented against you.  At trial

17   you have the right to have witnesses subpoenaed and compelled

18   to come in to court to testify on your behalf.  At trial you

19   have the right to testify yourself on your own behalf, but you

20   also have the privilege against self-incrimination.  That means

21   you have the right not to testify or incriminate yourself in

22   any way.  By pleading guilty you are giving up that right and

23   you are incriminating yourself.

24          If you went to trial and were convicted, you would

25   have the right to appeal both your conviction and your

1 sentence.

2          Now do you understand these rights?

3          THE DEFENDANT:  Yes, I do, your Honor.

4          THE COURT:  Do you understand that if your plea is

5 accepted, you will be incriminating yourself and you will be

6 giving up your right to a jury trial and most of the other

7 rights I've just described?

8          THE DEFENDANT:  Yes, I do, your Honor.

9          THE COURT:  Do you give up those rights?

10         THE DEFENDANT:  Yes, I do, your Honor.

11         THE COURT:  All right.  Mr. Belcher, will you please

12 state for the record the scope of defendant's limited waiver of

13 his appeal and collateral challenge rights.

14         MR. BELCHER:  Yes, your Honor.

15         Under 18 U.S.C. Section 3742, your Honor, Mr. Thiel

16 has a right to appeal the sentence imposed, understanding that

17 he is waiving that right to appeal, but reserving his right to

18 appeal in three regards:

19         First:  if the sentence imposed by this Court is

20 illegal or above the maximum penalty provided by statute;

21         Two:  if the Court, after determining the applicable

22 Sentencing Guideline range, either departs or varies upward

23 from that range; or

24         Three:  if the Court determines that the offense level

25 calculated by the parties is inaccurate and imposes a sentence

1    based on a higher offense level.

2             Under those three circumstances Mr. Thiel would still
3    retain his right to appeal.

4             Additionally, Mr. Thiel is giving up his right to
5    petition the Court in the form of writ of habeas corpus after
6    his sentence is imposed.  However, he is also keeping three
7    exceptions to that waiver, your Honor:

8             First is that if there's an explicit retroactive
9    change in the Guidelines or sentencing statute that's made
10   applicable to Mr. Thiel once he's been sentenced, he can apply
11   for relief;

12            Two:  if there's a claim that he was denied effective
13   assistance of counsel; or

14            Three:  if there's a claim of prosecutorial
15   misconduct, Mr. Thiel would retain his right to the petition
16   the Court under that regard.

17            THE COURT:  All right.  Mr. Thiel, do you understand
18   and do you agree to the limitations contained in the Plea
19   Agreement on your right to appeal the sentence I will impose in
20   this case or the manner in which I will determine it?

21            THE DEFENDANT:  Yes, your Honor.

22            THE COURT:  Do you understand and do you agree to the
23   limitations contained in your Plea Agreement on your right to
24   appeal or challenge this prosecution or your conviction?

25            THE DEFENDANT:  Yes, your Honor.

1           THE COURT: All right. Mr. Bohn, will you please
2    inform the defendant of the charge to which he will be pleading
3    guilty and also please state the maximum sentence -- yes, the
4    maximum sentence and fine and elements of the charge.
5           MR. BOHN: Thank you, your Honor.
6           Mr. Thiel, you will be pleading guilty today to a
7    violation of Title 18 of the United States Code, Section
8    922(g)(1), which makes it illegal for a felon to possess a
9    firearm. The elements of that offense are as follows, sir:
10          First: that you knowingly possessed a firearm;
11          Second: that prior to possessing that firearm you had
12   been convicted of a felony offense;
13          Three: that prior to possessing the firearm, the
14   firearm itself moved through interstate commerce to the State
15   of Colorado.
16          The maximum penalty for a violation of Title 18,
17   United States Code, 922(g)(1) is confinement for a period of
18   not more than ten years, up to a $250,000 fine, or both, up to
19   three years of supervised release and a $100 special assessment
20   fee.
21          THE COURT: Thank you, Mr. Bohn.
22          All right. Mr. Thiel, do you understand the
23   consequences of your plea, including the maximum sentence that
24   can be imposed upon you in this case?
25          THE DEFENDANT: Yes, I do, your Honor.

1          THE COURT: Mr. Belcher, what is the estimated
2     sentencing range you believe will apply under the Guidelines?
3          MR. BELCHER: Your Honor, the parties have estimated
4     that the Guideline calculation would result in a sentencing
5     range of 110 to 120 months. It's actually 110 to 137, but 120
6     being the statutory cap, it would change to 110 to 120.
7          THE COURT: All right. Mr. Thiel, do you understand
8     that I can impose a sentence that is more severe, up to the
9     maximum sentence and cap, or less severe than that set forth in
10    your Plea Agreement?
11         THE DEFENDANT: Yes, your Honor.
12         THE COURT: Do you understand that even if you are
13    disappointed with the sentence that I will impose, that that
14    will not be a basis for you to withdraw your guilty plea?
15         THE DEFENDANT: Yes, your Honor.
16         THE COURT: Have you discussed with your lawyer the
17    fact that you will be placed on supervised release upon your
18    release from prison?
19         THE DEFENDANT: Yes, your Honor.
20         THE COURT: Do you understand that when you are
21    released from prison, some of the conditions of your release to
22    which you may be subject include you may not commit any new
23    federal, state or local crime and you may not possess any
24    illegal substance? Do you understand that?
25         THE DEFENDANT: Yes, your Honor.

1      THE COURT:  Do you understand that if you violate any
2  conditions of supervised release, you may be returned to prison
3  for all or part of the remaining term of supervised release?
4      THE DEFENDANT:  Yes, your Honor.
5      THE COURT:  Are you presently on parole, probation or
6  supervised release as the result of the conviction of any other
7  crime?
8      THE DEFENDANT:  No, your Honor.
9      THE COURT:  Do you understand that today you are
10 pleading guilty to a felony offense?
11     THE DEFENDANT:  Yes, your Honor.
12     THE COURT:  Do you understand that conviction of a
13 felony offense may deprive you of certain civil rights,
14 including the right to possess a firearm, the right to vote,
15 the right to hold public office, and the right to serve on a
16 jury?
17     THE DEFENDANT:  Yes, your Honor.
18     THE COURT:  Do you understand under the federal system
19 parole has been abolished, and that while you may earn good
20 time while you are in prison, if you are sent to prison you
21 will not be released on parole?  Do you understand that?
22     THE DEFENDANT:  Yes, your Honor.
23     THE COURT:  Now has anyone threatened you or your
24 family in order to force you to plead guilty?
25     THE DEFENDANT:  No, your Honor.

```
 1            THE COURT:  Are you satisfied with the representation
 2   your attorney has provided to you?
 3            THE DEFENDANT:  Yes, your Honor.
 4            THE COURT:  Have you understood everything that I have
 5   told you or asked of you today?
 6            THE DEFENDANT:  Yes, your Honor, I have.
 7            THE COURT:  Having in mind all that we've discussed
 8   regarding your plea of guilty, the rights you will be giving up
 9   and the maximum sentence that you may receive, do you still
10   wish to plead guilty?
11            THE DEFENDANT:  Yes, your Honor.
12            THE COURT:  Are you requesting that I approve your
13   Plea Agreement as set forth in Exhibit 1?
14            THE DEFENDANT:  Yes, your Honor.
15            THE COURT:  Other than re-arraigning the defendant, do
16   counsel agree that the Court has complied with the requirements
17   of Rule 11?
18            MR. BOHN:  The United States does, your Honor.
19            THE COURT:  Thank you, Mr. Bohn.
20            MR. BELCHER:  Yes, your Honor.
21            THE COURT:  Thank you, Mr. Belcher.
22            All right.  The defendant's plea of not guilty as to
23   Count Two of the Indictment is withdrawn.
24            Mr. Bohn, will you please re-arraign the defendant.
25            MR. BOHN:  Thank you, sir.
```

```
 1              Sir, are you Lawrence Rolland Thiel?
 2              THE DEFENDANT:  Yes, sir, I am.
 3              THE COURT:  Sir, you have been charged in Count Two of
 4    the Indictment with violation of Title 18 of the United States
 5    Code Section 922(g)(1), possession of a firearm by a previously
 6    convicted felon.  Sir, as to Count Two of the Indictment, how
 7    do you plead, guilty or not guilty?
 8              THE DEFENDANT:  Guilty.
 9              THE COURT:  All right.  Thank you, counsel.
10              The Court hereby makes the following findings of fact
11    and conclusions of law:
12              In the matter of the United States of America vs.
13    Lawrence Rolland Thiel, Case No. 12-cr-406, the Court finds
14    that the defendant is fully competent of entering an informed
15    plea and the defendant is aware of the nature of the charge and
16    the consequences of that plea.  The defendant has thoroughly
17    discussed his Plea Agreement with his attorney.  The defendant
18    has been represented throughout the course of this case by
19    competent counsel, with whom he has no objection or complaint.
20              The defendant has read and understands each term of
21    his Plea Agreement, including his limited waiver of appeal and
22    collateral challenge rights.  The defendant has knowingly and
23    voluntarily signed Court Exhibits 1 and 2.  The defendant has
24    knowingly and voluntarily entered a plea of guilty to the
25    offense of violating 18, United States Code, Section 922(g)(1)
```

1   with a full understanding of the factual basis and essential
2   elements of the charge.
3             Mr. Bohn, don't we also have to get into -- admit to
4   the forfeiture allegation?
5             MR. BOHN:  Your Honor, that's more of an
6   administrative form, that we have his admission in there.  I
7   was going to look for language to suggest to the probation
8   officer to put in the Court's order for the forfeiture.  I was
9   going to provide that to the probation officer for your
10  consideration.
11            THE COURT:  All right.  Thank you.
12            The defendant's guilty plea is not the result of
13  mistake or coercion.  The defendant's guilty plea is not the
14  result of any representations or promises made to him by anyone
15  except as to those matters disclosed in open court or included
16  in the Plea Agreement.
17            The defendant understands each of his legal rights in
18  this case.  The defendant understands that the Court is not
19  bound by the sentence recommended in the Plea Agreement, and
20  that if the Court does not follow the recommendation, the
21  defendant may not withdraw his guilty plea.
22            The defendant understands the maximum sentence of
23  imprisonment, the maximum fine and terms of supervised release
24  that the Court may impose under the terms of his Plea
25  Agreement.

1       And, finally, the Court finds the plea is supported by
2  an independent factual basis containing each of the essential
3  elements of the offense.
4       It is, therefore, ordered that Court Exhibits 1 and 2
5  are accepted and admitted.  The plea as made in open court
6  today is accepted, and the defendant is adjudged guilty of
7  violating 18, United States Code, Section 922(g)(1).
8       A sentencing hearing is hereby set for Wednesday, May
9  8th, 2013 at 4:15.
10      Is there anything further from the government at this
11 time?
12      MR. BOHN:  No.  But thank you, your Honor.
13      THE COURT:  Thank you.
14      Anything further from the defendant?
15      MR. BELCHER:  No, your Honor.  Thank you.
16      THE COURT:  Thank you.
17      MR. BOHN:  Your Honor, one other thing.  Would you
18 like me to submit some proposed forfeiture language to you or
19 to the probation officer?
20      THE COURT:  To the probation officer.
21      MR. BOHN:  I just wanted to make sure you were
22 comfortable with that.
23      THE COURT:  Thank you.
24      The defendant is remanded to the custody of the United
25 States Marshal.

1       Thank you.  That will be all.

2       (Proceedings concluded at 11:23 a.m.)

3                        **REPORTER'S CERTIFICATE**

4       I certify that the foregoing is a correct transcript from

5    the record of proceedings in the above-entitled matter.  Dated

6    at Denver, Colorado, this 25th day of July, 2013.

7

8                                  _____
                                              s/Gwen Daniel
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25