**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez**

Criminal Case No. 12-cr-00406-WJM
(Civil Action No.15-cv-00634-WJM)

UNITED STATES OF AMERICA,

v.

LAWRENCE ROLLAND THIEL,

    Movant.

---

**ORDER TO FILE AMENDED § 2255 MOTION**

---

    Lawrence Rolland Thiel was convicted, pursuant to his guilty plea, of Possession of a Firearm by a Previously Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and (a)(2).  (ECF No. 32).  He was sentenced to a 110-month term of imprisonment.  (*Id.*).  Judgment was entered on June 12, 2013.  (*Id.*).  On March 27, 2015, Mr. Thiel filed, *pro se*, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  (ECF No. 49).

    In the Motion, Mr. Thiel asserts that his trial counsel was ineffective for the following reasons: (1) "defense counsel's unreasonable failure to controvert / argue against the evidence on the record regarding the possession of the weapon" (*id.* at 4); (2) "defense counsel's unreasonable failure in performance to allow petitioner to enter into plea negotiations on counsel's misadvice" (*id.* at 5); (3) "defense counsel's unreasonable failure in performance when allowing petitioner to be sentenced using a P.S.I. report containing inaccuracies / false information" (*id.* at 6); and (4) defense counsel's unreasonable failure to adequately represent petitioner at sentencing" (*id.*).

Mr. Thiel does not allege any specific facts to support his claims, but references an attached memorandum of law. The Court, however, has not received or filed any memorandum of law from Mr. Thiel.

To show ineffective assistance, Movant must demonstrate that his attorney performed deficiently and that he was prejudiced as a result. *See United States v. Hendrix*, 2014 WL 305871, at *1 (July 8, 2014) (unpublished) (reviewing district court's dismissal of § 2255 motion under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

Mr. Thiel's conclusory assertions about the failures of trial counsel are insufficient to show a Sixth Amendment violation under *Strickland. See United States v. Moser*, No. 13-3321, 2014 WL 2978498, at *3 (10th Cir. July 3, 2014) (unpublished); *Snyder v. Addison*, No. 03-6050, 89 F. App'x 675, 681 (10th Cir. 2004); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255)*; Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that even pro se plaintiffs must allege sufficient facts on which a recognized legal claim can be based, and that conclusory allegations will not suffice).

Because Mr. Thiel is not represented by counsel, the Court will grant him an opportunity to file an amended § 2255 Motion in which he must allege specific facts to support his claims of ineffective assistance of counsel. Accordingly, it is

ORDERED that Movant, Lawrence Roland Thiel, shall file, **within thirty days of this Order**, and Amended § 2255 Motion that complies with the directives of this Order.

**The Amended Motion shall be filed on the court-approved form for filing a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, which can be obtained from the Court's website at www.cod.uscourts.gov.** It is

FURTHER ORDERED that if Mr. Thiel fails to file an Amended § 2255 Motion that complies with this order to the Court's satisfaction within the time allowed, the § 2255 Motion, filed on March 27, 2015 (ECF No. 49), will be denied for the reasons discussed above.

Dated this 31st day of March, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge